Filed 5/14/14  P. v. Morgan CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>      **Plaintiff and Respondent,**<br><br>**v.**<br><br>**DEONTE DESHAWE MORGAN,**<br><br>      **Defendant and Appellant.** | **A139715**<br><br>**(Solano County<br>Super. Ct. No. VCR201249)** |

Appellant Deonte Deshawe Morgan's probation was revoked, reinstated, and modified following a contested hearing.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief. We find no arguable issues and affirm.

                                                    BACKGROUND

In September 2009, appellant entered no contest pleas to two counts of robbery (Pen. Code, § 211).  He was sentenced to four years in state prison, with imposition of sentence suspended and a three year grant of probation.  Conditions of probation included

the following: "Report all arrests, citations, or violations of law, within 48 hours to the probation officer" and "Report to and comply with all orders of the probation officer."[1]

Appellant's probation officer testified at the revocation hearing that she orally told him "to report police contact." She testified she "standardly inform[s] [probationers] if they're calling the police because they see a fire and they have contact that way, no I don't need to hear that. If it's police contact in relation to them for their behavior, I need to hear about it."

In February 2013, a police officer conducted a traffic stop of a vehicle with a cover over its license plate. The vehicle had four occupants; appellant was one of the passengers. During a search of the vehicle, the officer found a handgun in the vehicle's trunk. The officer detained all four occupants and interviewed them to determine the ownership of the gun; all disavowed any knowledge of it. During the investigation, which took 53 minutes and involved three officers, appellant was handcuffed and placed in the back of a police car. Upon completion of the investigation, appellant and the others were released without citation. Appellant did not report this incident to his probation officer.

At the revocation hearing, appellant argued the requirement to report police contact was not an explicit term of his probation and could not validly be made a term of his probation. The trial court disagreed, finding appellant violated a "lawful term of his probation" that he "report interaction with members of law enforcement to his probation officer," and revoked his probation.

Appellant subsequently moved to set aside the revocation order, arguing the probation officer was not authorized to modify the probation conditions, the added condition was overbroad, and the violation was not willful. The trial court denied the motion, stating: "The defendant and the others were detained for 53 minutes. Clearly, this is the kind of situation that's contemplated when probation is trying to supervise a

---

[1] Prior to the instant revocation, appellant's probation was twice revoked and reinstated with modifications not relevant here.

probationer, and this Court does not find a requirement that the defendant report all police contact to be an expansion of this Court's orders that the defendant report all arrests, citations or violations of law.  [¶] The Court is not prepared to conclude that in terms of violations of law, the defendant can count on his own judgment and decide what conduct is or is not a violation of law."

The trial court reinstated appellant's probation with modifications, imposing an additional 45 days in county jail and adding the following condition: "Dft [defendant] to report any police contact to Probation w/in 5 business days."

## DISCUSSION

We have reviewed the entire record and have found no arguable appellate issues. Appellant was represented by counsel at the revocation hearing and was afforded the opportunity to present evidence and cross-examine the People's witnesses.  The trial court stated on the record its reasons for revoking probation.

The probation officer's directive that appellant report any police contact relating to his behavior was reasonably related to the court-ordered condition that appellant report any arrests, citations, or violations of law.  (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373 ["Probation officers have wide discretion to enforce court-ordered conditions, and directives to the probationer will not require prior court approval if they are reasonably related to previously imposed terms"].)  Requiring appellant to report such contacts enables the probation officer to determine if appellant is violating the law.

The probation officer's directive was not overbroad.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*) ["A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad"].)  Assuming the directive imposed limitations on appellant's constitutional rights, it was sufficiently tailored.  Appellant did not need to report police contact regarding events unrelated to him or as to which he was only a witness, but needed to report police contact relating to his own behavior so the probation officer could determine whether appellant was engaging in criminal behavior.

Nor was the probation officer's directive unconstitutionally vague. (*Sheena K., supra,* 40 Cal.4th at p. 890 [probation conditions " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' "].) Appellant had notice he was required to report a police contact involving a one-hour investigation during which he was handcuffed and detained in the back of a police car.

Finally, any challenge to the condition added by the trial court, requiring appellant report "<u>any</u> police contact," is moot. Appellant's term of probation has expired so he is no longer subject to this condition.[2]

DISPOSITION

The judgment is affirmed.

_____<br>SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

---

[2]    We take judicial notice of records of the superior court documenting the expiration of appellant's probation term on April 12, 2014. This event does not moot a challenge to the revocation order. (*People v. Nolan* (2002) 95 Cal.App.4th 1210, 1213 [rejecting mootness challenge to revocation order because "[t]he probation violation finding is part of [the defendant's] permanent record . . . [and] the appeal affords the opportunity to erase the 'stigma of criminality' "].)

4